UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINCY DENNIS,

                Petitioner,                Case No. 2:17-cv-14087
                                                    Hon. Victoria A. Roberts

v.

J.A. TERRIS,

                Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR A WRIT OF HABEAS CORPUS**

Federal prisoner Quincy Dennis ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner was convicted in the United States District Court for the Southern District of Ohio of possession with intent to distribute in excess of 50 grams of cocaine base, attempting to do the same, 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and § 846, and possession with intent to distribute in excess of 500 grams of cocaine. 21 U.S.C. § 841(a)(1), and (b)(1)(B)(ii). Dkt. 1, Page ID 63-64. Because Petitioner had two prior Ohio convictions for felony drug offenses, the district court imposed a mandatory life sentence on the first two counts, and a mandatory minimum sentence of 30 years' imprisonment on count three. Id. at 53, 56, 59-62, 64-66.

Petitioner's conviction was affirmed on direct review. *United States v. Dennis*, 178 F.3d 1297 (6th Cir. 1999) (unpublished).

President Barack Obama commuted Petitioner's sentence to a total term of 360 months' imprisonment on January 17, 2017. Dkt. 5, Exhibit 3.

## I. Standard of Review

The Court undertakes preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243; *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). After undertaking such review, the Court concludes that the petition must be dismissed.

## II. Discussion

Petitioner raises three claims in his petition, all challenging his original sentence: (1) one of Petitioner's prior Ohio narcotic convictions should not have counted as a felony drug offense for sentence enhancement purposes, (2) the term "felony drug offense" in 21 U.S.C. § 802(44) is unconstitutionally vague, and (3) Petitioner's prior Ohio conviction matches the federal misdemeanor offense of simple possession. Petitioner has also filed a motion to amend his petition to add a fourth claim: (4) Petitioner is actually innocent of being a chapter four career offender.

The petition must be dismissed because all of Petitioner's claims attack his original sentences which were commuted by the President. This Court has no jurisdiction to consider a collateral attack on a sentence imposed by executive order. Article II, § 2 of the United States Constitution provides that the President "shall have Power to grant Reprieves and Pardons for Offences against the United States, except in Cases of Impeachment." The Supreme Court has interpreted the "broad power" conferred by the Constitution "to allow plenary authority in the President to 'forgive' the convicted person in part or entirely, to reduce a penalty in terms of a

specified number of years, or to alter it with conditions which are in themselves constitutionally unobjectionable." *Schick v. Reed*, 419 U.S. 256, 266 (1974). The *Schick* Court held that "the pardoning power is an enumerated power of the Constitution and that its limitations, if any, must be found in the Constitution itself." *Id*. Therefore, this Court has no jurisdiction to consider the propriety of the 360 month sentence set by the President.

In any event, Petitioner's challenge to his original life sentence is now moot because he is no longer serving that sentence. Any opinion rendered by this Court as to the validity of the original sentence would be nothing more than an advisory opinion. Article III, §2 limits the jurisdiction of a federal court to live "Cases" and "Controversies." "[C]ases that do not involve 'actual, ongoing controversies' are moot and must be dismissed for lack of jurisdiction." *Federation of Advertising Industry Representatives v. Chicago*, 326 F.3d 924, 929 (7th Cir. 2014) (en banc) (holding presidential commutation rendered an inmate's § 2241 application moot).

### III. Conclusion

Accordingly, Petitioner's motion to for leave to file amended petition [Dkt. 7] is **GRANTED.**

The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

Finally, the Court notes that a Certificate of Appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED**.

s/ Victoria A. Roberts
Honorable Victoria A. Roberts
Dated: 8/9/18  United States District Judge

The undersigned certifies that a copy of this document was served on the attorneys of record and Quincy Dennis by electronic means or U.S. Mail on August 9, 2018.

s/Linda Vertriest
Deputy Clerk